UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL 194

SHREVEPORT ELECTRICAL
HEALTH AND WELFARE FUND

SHREVEPORT ELECTRICAL
INDUSTRY PROFIT SHARING FUND

SHREVEPORT ELECTRICAL JOINT
APPRENTICESHIP AND TRAINING
FUND

versus

JBL ELECTRIC COMPANY, INC.

CIVIL ACTION NO.

SECTION NO.

JUDGE:

MAGISTRATE:

## COMPLAINT

Plaintiffs, International Brotherhood of Electrical Workers, Local 194, Shreveport Electrical Health and Welfare Fund, Local Pension Fund, Shreveport Electrical Industry Profit Sharing Fund, and Shreveport Joint Apprenticeship and Training Fund, herein referred to jointly as the "Funds," assert the following complaint against the defendants, JBL Electric Company, Inc.

COUNT ONE
BREACH OF COLLECTIVE BARGAINING AGREEMENT
AND COLLECTION OF DELINQUENT CONTRIBUTIONS

1.

This is an action brought pursuant to Sections 502 and 515 of the Employee Retiree Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 and 1145, and §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.§185.

2.

Subject matter jurisdiction over this complaint is conferred on this Honorable Court by 28 U.S.C. §§ 1331 and 1367; §§ 502(e) and 515 of ERISA; and 29 U.S.C. §§ 1132 (e) and 1145; and by § 301 (c) of the LMRA, 29 U.S.C. § 185 (c). All state law claims are attached to the federal causes of action via supplemental or pendant jurisdiction.

3.

This Court has personal jurisdiction over the defendants under Section 502(e)(2) of ERISA, 29 U.S.C. §1132 (e)(2) and Section 301 of the LMRA, 29 U.S.C. §185 (c).

4.

Venue is proper in the Western District of Louisiana, where the Funds are administered, under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132 (e)(2) and where Local 194 is situated, under Section 301 of the LMRA, 29 U.S.C. §185 (a).

5.

Plaintiff Shreveport Electrical Health and Welfare Fund (herein "Welfare Fund") is an "employee benefit plan" as defined in §3(1) of ERISA as amended, 29 U.S.C. §1002(1), established by the International Brotherhood of Electrical Workers, Local 194 and employers in an industry affecting commerce, whose employees are represented by that Union, for the purpose of providing health and welfare benefits to the employees. The Welfare Fund is authorized to sue in its own name by §501(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). The Welfare Fund is administered by its Third-party administrator Southern Benefit Administrators ("TPA") located at 2001 Caldwell Dr, Goodlettsville, TN 37072.

2

6.

Plaintiff Shreveport Electrical Industry Profit Sharing Fund ("Profit Sharing Fund") is a multiemployer plan within the meaning of 29 U.S.C. §1002(37), having been organized pursuant to 29 U.S.C. §186(c)(6) and established by the International Brotherhood of Electrical Workers, Local 194 and employers in an industry affecting commence, whose employees are represented by that Union, for the purpose of providing retirement benefits to the employees. The Profit Sharing Fund is authorized to sue in its own name by 501(d)(1) of ERISA, 29 U.S.C. Section 1132(d)(1). The Profit Sharing Fund is administered by its Third-party administrator Southern Benefit Administrators ("TPA") located at 2001 Caldwell Dr, Goodlettsville, TN 37072.

7.

Plaintiff Shreveport Joint Apprenticeship and Training Fund ("JATF") is an employee welfare benefit fund within the meaning of 29 U.S.C. §1002(1), having been organized pursuant to 29 U.S.C. §186(c)(6) and established by the International Brotherhood of Electrical Workers, Local 194 and employers in an industry affecting commerce, whose employees are represented by that Union, for the purpose of providing education and training benefits to the employees. The JATF is authorized to sue in its own name by 501(d)(1) of ERISA, 29 U.S.C. Section 1132(d)(1). The JATF is self-administered at its principal place of business located at 1013 B Gould Drive, Bossier City, LA 71111.

8.

Plaintiff International Brotherhood of Electrical Workers, Local 194 ("Local 194"), is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), and an employee organization within the meaning of 29 U.S.C. § 1002(4). Local 194 is located at 5510 Buncombe Road, Shreveport, Louisiana 71129.

9.

Defendant, JBL Electric Company, Inc. (herein referred to as "JBL") is a Louisiana Corporation. It has been at all material times an "employer" within the meaning of Section 2(2) of the NLRA, 29 U.S.C. 152(2) and Section 3(5) of ERISA, 29 U.S.C 1002(5). It has at all material times been engaged as a contractor or subcontractor in an industry of erecting, installing, altering, repairing, servicing, or maintaining of electrical wiring devices, appliances or equipment, and as such, has been and continues to be an employer in an "industry affecting commerce" as defined in Section 3(12) of ERISA, and 29 U.S.C. § 1002 (12). It is domiciled and does business out of an office and facility located in Shreveport, Louisiana. JBL may be served by delivering a copy of the summons to its registered agent for service of process, James B. Lee III, 8518 Line Ave, Suite 101, Shreveport, Louisiana 71106.

10.

On March 9, 2000, James B. Lee, IV, former Vice President for JBL, signed a Letter of Assent to authorize the North Louisiana Chapter, Inc., National Electrical Contractors Association ("NECA") to be JBL's collective bargaining representative for all matters pertaining to the agreement between NECA and Local 194. The Letter of Assent states that JBL agrees to comply with, and be bound by, all of the provisions contained in "said current and any subsequent approved inside labor agreements between NECA and Local 194" until it gives written notice of termination. Since 2004, NECA and IBEW Local 194 have entered into successive collective bargaining agreements; the most current collective bargaining agreement ("CBA") is effective from September 3, 2018 to September 5, 2021. The CBA remains in effect for "all firms who sign a Letter of Assent" until terminated by the employer by providing written notice to the North Louisiana Chapter Inc., National Electrical Contractors Association and to the Local 194 at least

4

one hundred fifty (150) days prior to the then current anniversary date of the applicable approved labor agreement.

11.

Upon information and belief, James B. Lee, IV, is no longer employed by JBL, and James B. Lee, III, is the President and sole officer of JBL.

12.

To date, JBL has not given written notice to terminate the CBA. Accordingly, JBL has been and remains bound to the CBA between NECA and Local 194.

13.

The CBA binds JBL to pay monthly contributions to the Welfare Fund, Profit Sharing Fund, and JATF, herein referred to jointly as the "Funds," and to also remit working assessments to Local 194.

14.

Furthermore, JBL agreed to be bound by the Declarations of Trust of the Funds, as well as the rules and regulations of the Funds.

15.

JBL is also obligated under the CBA to remit to Local 194 the following:

a)      2% of gross wages and ½ cent per clock hour on Apprentices and 4% of gross wages and ½ cent per clock hour for Journeymen for working assessments of its employees;

b)      6% of employees' gross pay for the vacation plan if elected by the employee;

c)      10 cents per clock hour for the Electrical Industry Receiving Fund; and

d)      03 cents per clock hour for the COPE contribution if elected by the employee.

16.

The CBA further obligates JBL to accurately list its employees performing covered employment and to report their hours worked by submitting monthly remittance reports to Local 194 and the Funds' Office.

17.

JBL remitted late contributions for the work months June and July 2018, but only to the Welfare Fund in order to extend health coverage to its employees. JBL failed to remit contributions to the Welfare Fund for the time period August 2018 through March 2019.

18.

JBL failed to remit hourly fringe benefit contributions due to each other named Plaintiff Funds for hours worked by employees performing covered employment during the period June 2018 to March 2019.

19.

The Funds and Local 194 have made several attempts to contact JBL, requesting that JBL submit the outstanding reports and contributions. However, despite these attempts to seek compliance, JBL has failed to respond or submit the reports and remit payment of contributions owed.

20.

On April 15, 2019, the Funds' counsel issued a final written demand to Defendants seeking JBL's compliance under the CBA.

21.

In response to the Funds' demand, JBL requested the Trustees enter into a payout agreement that required JBL to pay $682.12 over a five (5) year period until the total amount of

$35,282.95 was been paid. JBL's first payment was due on October 25, 2019. However, JBL failed to make any of its required payments under the payout agreement.

22.

Because JBL has ceased submitting remittance reports and ceased paying contributions for its employees, the Trustees of the Funds have authorized a payroll audit for the period from January 1, 2018 to the present in accordance with the Funds' Procedures Applicable to Employer Contributions, Delinquencies, and Delinquency Audits ("Funds' Procedures").

23.

The Funds are entitled to audit the payroll and other records of JBL, at JBL's cost, to determine the amounts properly due to the Funds.

## COUNT TWO
## FAILURE TO PAY WAGES UNDER THE LOUISIANA WAGE CLAIM ACT

24.

Plaintiffs repeat and reiterate all the allegations previously set forth herein.

25.

Jurisdiction of this count is based the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and LA R.S. 23:631 - 640.

26.

Under the CBA, JBL must withhold 6% from its employees' gross wages for the Vacation Fund, and .03 cents per clock hour for Union dues, and these amounts must be remitted to the Union.

27.

JBL withheld these amounts from the employees' wages yet failed to remit them to the Union.

28.

The Vacation deductions and Union dues are after-tax deferred compensation and constitute wages; therefore, JBL's failure to remit the withheld amounts is a violation of LSA R.S. § 23:640.

29.

LSA R.S. § 23:640 mandates:

Any and all amounts payable by employers under collective bargaining agreements with any labor organization for vacation, health and welfare, pension, apprenticeship and training, supplemental unemployment benefits, or any other fringe benefits considered as wages by the secretary of labor in determining prevailing wage rates shall be considered and treated as wages due by employers under R.S. 23:631-23:639 and employers shall be obligated to pay the said amounts to the trust funds, trustees, or other obligees to whom such payments shall be due and owing in the same manner and subject to the same penalties for nonpayment and the same provisions as to collection and enforcement by the said obligees as apply to ordinary wages under R.S. 23:631-23:639.

30.

Local 194, as collective bargaining agent for JBL's employees, is authorized to demand and collect the unpaid wages owed as Vacation Fund contributions due and owing to the JBL employees.

31.

JBL Electric Company, Inc is liable for unpaid contributions, accruing contributions, liquidated damages, interest, and costs in accordance with §502 and 515 of ERISA, 29 U.S.C. §1132 and 1145, and §301 of the LMRA, 29 U.S.C. §185, §3 (21)(A) of ERISA, 29 U.S.C. §1002

(21)(A). JBL Electric Company, Inc. is further liable for failure to pay wages pursuant to LSA R.S. §23:640.

32.

The Funds are entitled to recover all costs incurred in exacting compliance under the CBA, Plan Documents, and Trust Agreements, including the actual costs of the audit, attorneys' fees, and costs of the litigation.

33.

A copy of this complaint is being served upon the Secretary of Labor and Secretary of Treasury by certified mail as required by §502(H) of ERISA, 29 U.S.C. §1132(H).

**WHEREFORE**, the Plaintiff Funds and Local 194 ask that the Court declare JBL Electric Company, Inc. liable to the Union for unpaid dues and assessments and to the Funds for all unpaid fringe benefit contributions, plus interest and liquidated damages, due and owing to each Fund for hours worked by covered employees employed by JBL throughout the term of the CBA and find for the Plaintiffs granting the following in accordance with §502 and 515 of ERISA, 29 U.S.C. §1132 and 1145, and §301 of the LMRA, 29 U.S.C. §185:

a)   Permitting the Funds to conduct an audit of JBL's payroll and other relevant documents and records at JBL's cost covering the period for January 1, 2018 to present;

b)   Payment of all unpaid contributions due and owing to the Local 194, Health Fund, Pension Fund, and Training Fund

c)   Payment of 2% interest per month in accordance with the Funds' Procedures;

d)      Payment of 20% liquidated damages in accordance with ERISA and Funds'
        Procedures;

e)      Payment of vacation deductions and union dues;

f)      Awarding the Funds and Local 194 reasonable attorney's fees and costs of the
        litigation, including all costs of the audit; and

g)      Awarding the Funds and Local 194 any and other legal or equitable relief to which
        they are entitled and that this Court deems appropriate.


                                Respectfully submitted,

                                ROBEIN, URANN,
                                SPENCER, PICARD & CANGEMI, APLC


                                Laura Cline (LA Bar No. 37074)
                                Maria Cangemi (LA Bar No. 20136)
                                2540 Severn Avenue, Suite 400 (70002)
                                P. O. Box 6768
                                Metairie, Louisiana 70009-6768
                                Telephone: (504) 885-9994
                                Facsimile: (504) 885-9969
                                Email:  lcline@ruspclaw.com


                                *ATTORNEYS FOR PLAINTIFFS*


**PLEASE SERVE:**
James B. Lee III, President
JBL Electric Company, Inc.
8518 Line Ave., Suite 101
Shreveport, Louisiana 71106

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C.§1132(h) this **24th** day of _____**April**_____, 2020 on the following:

| | |
|---|---|
| Steven Mnuchin<br>Secretary of the Treasury<br>15th and Pennsylvania Avenue, N.W.<br>Washington, DC  20220 | R. Alexander Acosta<br>Secretary of Labor<br>U.S. Department of Labor<br>200 Constitution Avenue, N.W.<br>Washington, DC  20002 |

/s/ Laura Cline

Laura Cline